MEMBERSHIP OF DEPENDENT SCHOOL DISTRICT BOARD OF EDUCATION The three-member board of education of a Dependent School District is abolished by the change of statutes of the school district to an Independent School District and the new five-member Board of Education shall be appointed by the Governor. The Attorney General has considered your request for an opinion dated August 10, 1971, in which you set forth the following facts and ask the following question: "Section 70 O.S. 5-102 [70-5-102] of the Oklahoma School Code enacted by the First Session of the Thirty-Third Oklahoma Legislature reads as follows: "All independent school districts in Oklahoma shall be those which shall have maintained during the previous year a school offering high school subjects fully accredited by the State Board of Education.' "The Pleasant Hill School District offered subjects in grade 9 during the school year of 1970-71; therefore, on the basis of the above section of the School Code, the State Board of Education, at their regular meeting on July 9, 1971, made the Pleasant Hill School District independent. "The question is raised whether by action of law, the above statute, the 3-man school board which was elected for the now no longer existent Dependent School District was abolished? Stated another way, is there presently a school board in existence for the Independent District of Pleasant Hill?" The same question was considered in an opinion of the Attorney General dated October 31, 1941, to Mr. James M. Staten, in which the following opinion was rendered: "Thus it appears that when the incorporated town of Rentiesville became an independent school district, the change in its status operated to abolish the dependent school district board and that said board was replaced by a board of education consisting of three members, all of the positions thereon being vacant, there being no law, so far as we have been able to ascertain, which provides that the persons selected as the officers of the district when it was dependent should continue as the members of the board of education of the town when it became an independent school district. Sec. 7866, Oklahoma Statutes 1931, as amended by Article 3, Ch. 34, page 169, Oklahoma Session Laws 1937, provides that the board of education of an incorporated town shall have power 'to fill any vacancy which may occur in that body.' Ordinarily, a vacancy on any such board is filled by the remaining members. However, since no one was serving on the new board of education of the town of Rentiesville, no business could be transacted by said board until there were at least two members to constitute a quorum, and hence it was impossible to fill the three vacancies in the statutory manner. The Attorney General has held that, under such circumstances, the Governor should appoint two persons to fill two of the vacant positions of the board because of Sec. 13 of Art. 6, Oklahoma Constitution, and that after the persons so appointed have qualified as members of the board, they should then proceed to fill the remaining vacancy. It is our understanding that this procedure has been followed in the situation mentioned in your letter." Since the new Oklahoma School Code enacted by the First Session of the 33rd Oklahoma Legislature does not provide to the contrary of the October 31, 1941 Attorney General Opinion, the Opinion is decisive of your question. However, we would not adhere to the opinion expressed in the October 31, 1941 opinion insofar as it relates to the appointment of only a quorum of the new board. In our opinion, Section 13
of Article 6 of the Oklahoma Constitution provides that the Governor shall appoint a person to fill each vacancy on the board. It is, therefore, the opinion of the Attorney General that the old three-member Board of Education of the Dependent School District was abolished by the change of status of the school district to an Independent School District and the new five-member Board of Education shall be appointed by the Governor. (Gary M. Bush)